**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 18-24483-GLT |
| | : | |
| RICHARD P. BARNES II | : | Chapter 7 |
| | : | |
| *Debtor* | : | |
| | : | |
| Natalie Lutz Cardiello, Trustee | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| No Respondent(s) | : | |

**APPLICATION TO RETAIN REALTORS TO PROCURE**
**CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

Natalie Lutz Cardiello, Esquire, Chapter 7 Trustee (the "Trustee") for the above referenced debtor(s) (the "Debtor"), by and through her undersigned counsel, files this Application for entry of an order authorizing the retention of BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement between BKRES and the Trustee (the "BKRES Agreement") and EXP REALTY ("Listing Agent") under the terms of the agreement between Listing Agent and the Trustee (the "Listing Agreement"). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

3. On November 15, 2018, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

4. On August 17, 2020, this case was converted to a chapter 7 case and Natalie Lutz Cardiello was appointed as Chapter 7 trustee.

5. The Debtor is the owner of real property located at 113 Treona Dr., Verona, PA 15147 (the "Property"). The Statement of Intention filed by the Debtor indicates that the Debtor intends to surrender the Property.

6. The Debtor has no equity in the Property. The Debtor's schedules reflect that the Property is currently worth $132,000, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Freedom Mortgage Corp (the "Secured Creditor") in the amount of $132,568.

7. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a. sell the Property to whichever third party the Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

    c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale);

    d. If the Property is sold to a third party, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission and reimbursement of their out-of-pocket expenses, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate; and

    e. If Secured Creditor purchases property, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 2% real estate brokerage commission to BKRES, of which a $500.00 fee will be paid to Listing Agent, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

8. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to BKRES, Listing Agent and any agent for the buyer that may participate in the sale at closing of the sale of the Property, if and when the Consent and a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") are granted.

**APPLICATION**

9. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]…and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

10. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. The Trustee therefore believes that retaining BKRES[2] and Listing Agent to obtain Secured Creditor's Consent and market the Property is in the best interests of the Debtor's estate.

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

[2] BKRES has extensive experience obtaining the consent and agreement of mortgages lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity and is the broker affiliate of BK Global (http://www.bkginc.com/).

11. In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES, Listing Agent and any agent for the buyer that may participate in the sale will receive and share a real estate brokerage commission at closing in accordance with the order approving the sale.

12. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide. Attached hereto as *Exhibit A* and *Exhibit B*, respectively, are the BKRES Agreement and the Listing Agreement.

13. BKRES has attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a)[3].

14. Listing Agent has attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit C* is Listing Agent's Verification.

## CONCLUSION

WHEREFORE, for the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Dated: October 28, 2020

Respectfully submitted,

*/s/ Natalie Lutz Cardiello*
Natalie Lutz Cardiello, Esquire
*Counsel to the Trustee*
107 Huron Drive
Carnegie, PA 15106
(412) 276-4043
ncardiello@cardiello-law.com
PA ID# 51296

---

[3] See Exhibit A