FILED
9/10/21 9:39 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 18-24483-GLT |
| RICHARD P. BARNES II | : | Chapter 7 |
| *Debtor* | : | |
| Natalie Lutz Cardiello, Trustee | : | Related Dkt. No. 90 |
| Movant | : | |
| v. | : | |
| United States of America, Internal Revenue Service; Commonwealth of Pennsylvania, Department of Revenue; Allegheny County; Municipality of Penn Hills; Penn Hills School District; Jordan Tax Service; Keystone Collections Group; Oakmont Water Authority; MERS, Inc., as nominee for Freedom Mortgage as successor by merger with Union Home Mortgage Corp; Jayme Ann Livorio; and Jeffrey J. Sikirica, Trustee for the Bankruptcy Estate of Jayme Ann Livorio | : | |
| Respondents | : | |

## ORDER OF COURT

AND NOW, to wit, this <u>10th</u> day of <u>September</u>, 20<u>21</u>, the Court having considered the Motion to Sell Real Property Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances, and all responses filed thereto, and having held hearing thereon as required by law, IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED THAT:

1. Debtor, together with Jayme Ann Livorio ("Livorio"), are the owners of real estate located at 113 Treona Dr., Verona, PA 15147 ("Real Property"). No person other that the Debtor and Livorio has an ownership interest in the Real Property other than Jeffrey J. Sikirica, Bankruptcy Trustee for Livorio ("Sikirica") at Bankruptcy Case No. 20-22212-TPA.

2. Sikirica consents to the sale of the Real Property by the Trustee in exchange for 50% of the Buyer's Premium and is authorized to do so pursuant to the Order of Court approving Sikirica's Motion for Authority to Consent to a Short Sale of Real Property entered by the Honorable Thomas P. Agresti in Bankruptcy Case No. 20-22212-TPA on June 11, 2021 at Doc. No. 31.

      3. Based on a Property Report obtained by the Trustee, the liens and encumbrances against the Estate's interest in and to the said Real Property in the order of their priorities, are as follows, to wit:

    (a) Current and past due taxes due to Allegheny County, Penn Hill, Penn Hills School District and Oakmont Water Authority.

    (b) A mortgage in favor of MERS, Inc. as nominee for Freedom Mortgage as successor by merger with Union Home Mortgage Corp. dated July 31, 2014 in the original amount of $129,000 and recorded on August 11, 2014 as Instrument #2104-55207 in the Office of the Recorder of Deeds of Allegheny County in Mortgage Book Volume 44198, Page 531.

    4. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

    5. The best interests of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of said Real Property, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory, mortgage, and/or judicial liens of the Respondents hereto as set forth above, excepting only those rights of way, easements and restrictions of record or as are apparent from an inspection of the Real Property.

    6. The Real Property is sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, including ownership interests, all of which are divested from the Real Property, excepting only easements and rights of way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the Real Property would disclose.

    7. The sale of the Real Property is in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process constitutes an agreement and representation that the purchaser has inspected the Real Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/her agents, except as otherwise set forth herein.

    8. Closing shall occur on or before ten (10) days from the date the Order of Sale becomes final, TIME BEING OF THE ESSENCE, with all such payments to be via certified check, cashier's check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel. Possession shall be delivered at closing. Applicable real estate taxes and ordinary closing costs, municipal lien claims, and real estate commissions shall immediately be paid at closing. Failure of the closing agent to timely make disbursement required by this Order will subject the closing agent to monetary sanctions after notice and hearing.

    9. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the Estate, and resell the Real Property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this motion or the order approving the sale. The Trustee is hereby authorized (but not required)

to sell the Real Property to the next highest bidder, and so on, in order to liquidate the Real Property for the benefit of the Estate.

9. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Real Property described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Real Property

10. The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Real Property so purchased.

11. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

12. Freedom Mortgage will receive a minimum of $101,820.97, or such other amount as may be agreed to between Freedom Mortgage and the Trustee, in connection with the sale of the Real Property.

13. The bankruptcy estate will receive $7,500 from the proceeds of the sale in the form of a buyer's premium. The buyer's premium may not be used to pay any exemption to the Debtor and will be split with Sikirica pursuant to an agreement between the Trustee and Sikirica.

14. The proceeds payable to the bankruptcy estate shall be used as follows, to wit:

   (a) to pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees;

   (b) to pay the Trustee's fees and Trustee's counsel fees (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment); and

   (c) to pay to Sikirica the sum of $3,750 for the benefit of the bankruptcy estate of Livirio.

All remaining funds shall be held by the Trustee pending further Order of this Court.

15. The sale of the Real Property to VB One, LLC, or his, her or its designee for a consideration of $111,000 plus a Buyer's Premium of $7,500 is authorized, approved and confirmed.

16. The Court finds that the purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.,* 788 F2d 143 (C.A. 3rd 1986), entitled to all of the protections and benefits accorded such a buyer/purchaser pursuant to 11 U.S.C. §363(m).

17. The Court further finds that the sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c)(2) on _____, in the Pittsburgh Legal Journal on August 20, 2021 and in the Pittsburgh Post-Gazette on August 19, 2021, as shown by the Proofs of Publication duly filed.

18. The Trustee shall file a Report of Sale within five days from the date of Closing, or as soon thereafter as is practicable.

19. The Trustee is authorized and directed to make, execute and deliver such other documents as may be required to give effect hereto.

20. The stay imposed by Bankruptcy Rule 6004(h) is waived.

BY THE COURT

Dated: 9/10/21

_____
GREGORY L. TADDONIO
United States Bankruptcy Judge

United States Bankruptcy Court
Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-24483-GLT |
| Richard P. Barnes, II | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: aala | Page 1 of 2 |
| Date Rcvd: Sep 10, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 12, 2021:**

**Recip ID         Recipient Name and Address**
db              + Richard P. Barnes, II, 700 Duncan Avenue, Apt. # 1520, Pittsburgh, PA 15237-5080

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 12, 2021          Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 10, 2021 at the address(es) listed below:

**Name**                **Email Address**

Brian Nicholas
                        on behalf of Creditor FREEDOM MORTGAGE CORPORATION bnicholas@kmllawgroup.com

Glenn R. Bartifay
                        on behalf of Debtor Richard P. Barnes II gbartifay@bartifaylaw.com, sfallat@bartifaylaw.com;gbartifay@yahoo.com

Jeremy J. Kobeski
                        on behalf of Creditor FREEDOM MORTGAGE CORPORATION pawb@fedphe.com  mcupec@grenenbirsic.com

Maria Miksich
                        on behalf of Creditor FREEDOM MORTGAGE CORPORATION mmiksich@kmllawgroup.com

Mario J. Hanyon
                        on behalf of Creditor FREEDOM MORTGAGE CORPORATION wbecf@brockandscott.com mario.hanyon@brockandscott.com

Natalie Lutz Cardiello

| | | |
|---|---|---|
| District/off: 0315-2 | User: aala | Page 2 of 2 |
| Date Rcvd: Sep 10, 2021 | Form ID: pdf900 | Total Noticed: 1 |

Natalie Lutz Cardiello
    on behalf of Trustee Natalie Lutz Cardiello ncardiello@cardiello-law.com ncardiello@ecf.axosfs.com
    ncardiello@cardiello-law.com ncardiello@ecf.axosfs.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Robert Davidow
    on behalf of Creditor FREEDOM MORTGAGE CORPORATION robert.davidow@phelanhallinan.com

TOTAL: 9